# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

JON SENDIK AND SAL SENDIK,

          **Plaintiffs,**

    v.                                        Case No. 16-CV-1329

CIGNA HEALTH AND LIFE INSURANCE
COMPANY; MASSACHUSETTS MUTUAL
LIFE INSURANCE COMPANY; AND
MASSMUTUAL AGENTS WELFARE BENEFITS
PLAN (HDHP),

          **Defendants.**

---

## DECISION AND ORDER

---

Plaintiffs John and Sal Sendik (Sal is John's son) filed the present action against Cigna Health and Life Insurance Company, Massachusetts Mutual Life Insurance Company, and MassMutual Agents' Welfare Benefits Plan to claim dental benefits under an ERISA-governed, self-funded, high-deductible health insurance plan. The plan, MassMutual Agents' Welfare Benefits Plan 506, was sponsored by John Sendik's employer, Massachusetts Mutual Life Insurance Company, and administered by Cigna Health and Life Insurance Company. The court has subject matter jurisdiction under 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e).

I.      Facts

Sal Sendik was diagnosed with odontodyslplasia/odontogenesis imperfecta (ECF No. 1, ¶ 9), a congenital abnormality in the development of the teeth (ECF No. 30 at 2, fn. 3). He sought treatment from Dr. Christopher P. Sobczak, M.D., Dr. Benjamin S. Fiss, D.D.S., and Dr. Daniel M. Weber, D.D.S., M.S. (*Id*. at ¶ 10.) The Sendiks were billed $67,347 for the treatment. (*Id*. at ¶ 11.) The Sendiks requested that defendants cover the costs of the treatment, defendants denied coverage, and the Sendiks appealed. (*Id*. at ¶¶ 12-14.)

The defendants upheld their original decision denying coverage for the treatments on the ground that the plan "provides benefits only for covered expenses for treatment or diagnosis of an injury or illness" and, "[a]ccording to MassMutual Financial Group coverage, your plan does not cover surgical removal of erupted tooth requiring elevation of mucoperiosteal flap and removal of bone and/or section of tooth." (ECF No. 28 at 171.)

The Sendiks filed a separate appeal and noted that:

> Patient was born without teeth. Diagnosis of odontodysplasia was made by pediatrician – supported by letter from Dr. Chrostopher Sobczak. Surgery was needed so patient could eat. This bill was not included in original appeal. This was necessary surgery and restoration. Necessary to be able to chew.

(ECF No. 28 at 222.) The second appeal was denied on the ground that the services were for surgical treatment to remove impacted teeth, which is not covered under the plan. (*Id*. at 225.) Additionally, according to the plan booklet:

> What's Not Covered (not all-inclusive):
>
> Your plan provides coverage for most medically necessary services. Examples of things your plan does not cover, unless required by law, include (but aren't limited to):
>
> Dental implants for any condition.

(ECF No. 28 at 225-26.)

The Sendiks allege that the denial was arbitrary and capricious because defendants

> did not have all relevant medical records in their possession, had not discussed Sal's medical condition and treatment with all of Sal's treating physicians and specialists, did not consider the severity and totality of his condition, did not consider that the care provided by Sal's doctors was based upon recognized standards of health care for the treatment of odontodysplasia/odontogenesis imperfecta, and failed to consider all relevant information and data when determining that Sal's care was not a covered benefit.

(ECF No. 1, ¶ 16.) The complaint contains three causes of action: for recovery of plan benefits pursuant to 29 U.S.C. § 1132(A)(1)(B), for breach of fiduciary duty, and for an award of attorneys' fees. (*Id*. at 2-5.)

All parties consented to the jurisdiction of a magistrate judge. (ECF Nos. 2, 9.)

On October 23, 2017, defendants filed a motion for summary judgment. (ECF No. 29.) Plaintiffs have not responded. The failure to file a response is, by itself, a sufficient

reason to grant the motion. *See* Civil L. R. 7(d). Even if it were not, defendants have established that they are entitled to judgment as a matter of law.

**II.    Analysis**

The MassMutual Plan gives the claims administrator "full discretion and fiduciary authority to determine claims and appeals arising under this Plan." (ECF No. 28 at 68.) Absent fraud or bad faith, ERISA plans that vest the administrator with discretionary authority to construe the plan's terms or determine benefit eligibility are reviewed under the arbitrary and capricious standard. *Geiger v. Aetna Life Insurance Co.*, 845 F.3d 357, 362 (7th Cir. 2017.) In interpreting an ERISA plan, federal common law rules of contract interpretation apply. *Neuma Inc. v. AMP, Inc.*, 259 F.3d 864, 873 (7th Cir. 2001). If a document governing an ERISA plan is unambiguous, the court does not look beyond its "four corners" in interpreting its meaning. *Id*.

Under the MassMutual Plan, covered medical services are enumerated and must be "medically necessary" for the care and treatment of a "sickness or injury" as determined by Cigna. (ECF No. 1-3 at 28-39.) The plan provides coverage for "[c]harges made for reconstructive surgery or therapy to repair or correct severe physical disfigurement or deformity that is accompanied by functional deficit (other than abnormalities of the jaw or conditions related to TMJ disorder)[.]" (ECF No. 1-3 at 36.) The plan excludes coverage for

> --Dental treatment of the teeth, gums or structures directly supporting the teeth, including dental X-rays, examinations,

4

> repairs, orthodontics, periodontics, casts, Splints and services for dental malocclusion, for any condition. However, Charges made for services or supplies provided for or in connection with an accidental Injury to sound natural teeth are covered provided a continuous course of dental treatment is started within six months of the accident. Sound natural teeth are defined as natural teeth that are free of active clinical decay, have at least 50% bony support and are functional in the arch.
>
> --Dental implants for any condition.

(ECF No. 1-3 at 40-41.)

Sal had a congenital, developmental abnormality present his entire life, with treatment delayed until age 18 to allow for his jaw to stop growing so that the procedure would only need to be done once. (ECF No. 30 at 6.) Defendants argue the plan does not cover reconstructive surgery for abnormalities of the jaw, dental treatment, and dental implants. As such, the plaintiffs' claims are excluded from coverage.

Defendants have established they are entitled to judgment as a matter of law due to the specific exclusion of coverage for dental benefits and implants for any reason. Dr. Weber's $23,750 claim is coded as: "Extraction Erupted Teeth," "Bone Replacement Graft," "Surgical Placement of Implant," and "Biologic Materials." (ECF No. 28 at 265.) Dr. Fiss's original $55,397 claim was denied and re-submitted for $44,797. (ECF No. 30 at 8.) According to defendants, Cigna incorrectly reimbursed $22,510 of this claim as all treatment codes describe treatment falling within excluded coverage. (*Id*.) The treatment codes included occlusal orthotics, custom abutments, implant supported porcelain, and

5

labial veneers. (*Id*. at 9-10.) All of these are excluded based on the plan's exclusions for dental treatments and dental implants.

**IT IS THEREFORE ORDERED** that defendants' motion for summary judgment (ECF No. 29) is **granted.** The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 8th day of January, 2018.

WILLIAM E. DUFFIN
U.S. Magistrate Judge